IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOMINIC TABAN AGGREY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | Case No. **2:14-CV-247 DN**<br><br>**MEMORANDUM DECISION<br>AND ORDER**<br><br>District Judge David Nuffer |

Before the Court are Petitioner's petition for writ of habeas corpus and Respondent's motion to dismiss. (*See* Docket Entry #s 4 & 7.) After careful review of all pleadings and parties' arguments, including Petitioner's response to the motion to dismiss, (*see* Docket Entry # 15), this Court concludes that the Petition is untimely. The Court therefore denies the Petition.

## BACKGROUND

Petitioner was convicted for drunk driving. On January 20, 2012, he was sentenced in state court to zero-to-five years. He did not appeal or apply for state post-conviction relief.

Petitioner's claims are virtually unintelligible and perhaps raise illegal search and seizure and conditions of confinement in his prison setting.

## ANALYSIS

### 1. THIS PETITION IS UNTIMELY.

Section 2244(d)(1) provides a one-year period of limitation for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2244(d)(1) (2015). The one-year limitation period begins running from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* §2244(d)(1)(A).

Because Petitioner sought no review of his conviction, it became final when the time expired for him to seek review. He therefore had thirty days from January 20, 2012--or until February 20, 2012--to file an appeal. He did not; so, the period of limitation began running on February 20, 2012 and expired on February 20, 2013. This petition was not filed until April 2, 2014. His petition was thus filed more than one year too late.

## 2. **EQUITABLE TOLLING DOES NOT APPLY.**

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotation marks and citation omitted); *see Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001). Those circumstances include when a "prisoner is actually innocent" or "when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808. Petitioner has not suggested any of these exceptions apply.

## 3. PETITION FAILS TO STATE A CLAIM.

Petitioner's claims are unintelligible and perhaps have to do with search and seizure conditions of confinement in prison. In any case, he has not alleged facts or law that call into question the constitutionality of his drunk driving conviction and sentencing. This is an alternative ground upon which to dismiss this petition.

## COMPETENCY HEARING

Respondent recently told the Court that, on April 30, 2014, Petitioner was found incompetent to proceed in a pending state criminal matter.  Although Petitioner has no statutory right to be competent in this federal habeas proceeding, this Court could in its discretion temporarily stay the case if (1) the petitioner has evidence outside the habeas record, that was before the state court, that needs to be presented to the district court; (2) the habeas case "could substantially benefit" from the petitioner's participation; and (3) there is "reasonable hope" that the petitioner "will regain competence in the foreseeable future."  *Ryan v. Gonzales*, 133 S. Ct. 696, 708-09 (2013).

None of these factors lead the Court to issue a stay.  The record appears complete as to the dispositive issue of untimely filing.  And the Court needs no further information from Petitioner to make a ruling here.  Finally, the length of Petitioner's incompetency does not appear relevant to this determination, which involves what happened more than three years ago.

## CONCLUSION

Because the petition is untimely and not entitled to equitable tolling, **IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED**.  (*See* Docket Entry # 7.)

**IT IS FURTHER ORDERED** that any conditions-of-confinement claims must be brought, if at all, in a separate civil-rights complaint.  The Clerk of Court must send Petitioner a packet of information about how to file a civil-rights complaint, along with a blank-form complaint, should Petitioner wish to use it.

This case is **CLOSED**.

DATED this _23rd  day of September, 2015.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court